The "substantial limitation" inquiry is an individualized one to be conducted on a case-by-case basis. As the Supreme Court stated, individuals must submit more than a medical diagnosis, but rather must offer evidence of the substantial limitation caused by their impairment. *Toyota Motor Manufacturing, supra,* 534 U.S. at 198; *see also Albertson's Inc. v. Kirkingburg,* 527 U.S. 555, 567, 119 S.Ct. 2162 (1999) (ADA requires individuals "to prove a disability by offering evidence that the extent of the limitation in terms of their own experience . . . is substantial").

> **2.    Plaintiff is Not Substantially Limited in the Major Life Activities of Standing, Walking or Performing Manual Tasks.**

Courts grant summary judgment in situations such as this when, although a plaintiff may suffer from a disabling disease, she is not disabled within the meaning of the ADA because the disease has not substantially limited any major life activities. *Passanisi v. Berkley Administrators of Connecticut,* 2007 WL 841946 (D.Conn. Mar. 19, 2007) (Dorsey, J.) (attached) (plaintiff suffering from multiple sclerosis); *Douglas v. Victor Capital Group,* 21 F.Supp.2d 379 (S.D.N.Y. 1998) (Plaintiff suffering from legg perthes disease and spinal stenosis and unable to establish a prima facie case); *Piascyk, supra,* 64 F.Supp.2d at 34, *aff'd,* 246 F.2d 1072 (2nd Cir. 2000); *see also Kelly v. Drexel University,* 94 F.3d 102 (3rd Cir. 1996) (granting summary judgment for the employer on the grounds that plaintiff suffering from a noticeable limp and degenerative joint disease did not have substantial limitations).

In *Passanisi, supra,* the court concluded that Plaintiff's limitations in her ability to walk quickly, climb stairs and balance were insufficient to qualify as substantial limitations. 2007 WL 84196 at * 8. Similarly, in *Victor Capital, supra*, the court entered summary judgment, ruling that the plaintiff who could not walk without a cane failed to establish a *prima facie* case. 21 F. Supp.2d at 393. Indeed, in *Piascyk* the Second Circuit affirmed the trial court's ruling that a plaintiff was not substantially limited in the major life activity of walking where he complained of difficulty climbing stairs and was plagued with a marked limp. *Piascyk*, 246 F.2d at 28 (affirming district court's holding that foregoing were moderate restrictions rather than substantial limitations).

Similarly, the Court in *Colwell, supra,* 158 F.3d at 647, granted judgment as matter of law for the police department and dismissed a case brought by three police officers who were bypassed for promotions. The first officer, had chronic low back syndrome and left leg sciatica which resulted in an alleged inability to stand in one spot for any period of time without excruciating pain, difficulty sleeping, reliance on pain medication, inability to lift very heavy objects, inability to take a two to three hour drive without stopping to stretch, avoidance of mechanical work, and other limitations on various activities. *Id.* at 639. The second officer had chronic degenerative disk disease of the neck and lower back causing headaches, backaches, neck pain, and pain down his arms and legs. *Id.* at 639-40. He claimed these impairments resulted in an inability to do mechanical work on autos, bend over for long periods, heavy lifting, yard work, stand for long periods of time, or sit for too long of a period of time. *Id.* The third

officer had a cerebral hemorrhage which sometimes led to a feeling that he was having another episode and he claimed that he could not do heavy physical work, heavy lifting, gardening, and physical exercise.  The court held that they were not disabled under the ADA because they were not substantially limited in any major life activity.  *Id.*  In reaching its decision, the court cited the vague testimony provided by the plaintiffs and the failure to establish that the impairments would be significantly limiting to the average person in the general population.  *Id.* at 647.

In this case, although Plaintiff uses crutches [Boyar Tr., p. 158], her own testimony about her daily life activities reveals that she is not substantially limited in the daily life activities of standing, walking, performing manual tasks, and working.  Plaintiff testified that during the relevant time period she lived on the second and third floors of a condominium building that did not have an elevator.  [Boyar Tr., pp. 16-18].  She walked to her unit regularly and without assistance.  *Id.*  She also testified that during the relevant time period she exercised using an elliptical machine, an activity that involves prolonged periods of standing.  [Boyar Tr., p. 31].  Plaintiff has full use of her hands without any limitations.  [Boyar Tr., p. 165].  In addition, she testified that is able to cook for herself.  [Boyar Tr., pp. 19-20].  Thus, there is no evidence that she is substantially limited in manual tasks.  Plaintiff summarized her ability to perform major life activities, including working, by stating, "…I don't really feel like there's anything I can't— I couldn't imagine what jobs I wouldn't apply for because of my physical condition." [Boyar II Tr., p. 65].

Based on the foregoing, Plaintiff is unable to establish that her condition substantially limits any major life activities within the meaning of the law. Accordingly, she is unable to establish a *prima facie* disability claim and these claims should be dismissed without further analysis.

### D.    Plaintiff Fails to Establish that Her Suspension or Her Termination Was Based on Discrimination.

Even assuming that Plaintiff could somehow establish a *prima facie* case under the ADA, she has no evidence that the YMCA's articulated reason[5] for her suspension (inappropriate conduct) or her termination (leaving the fitness center unattended) are pretextual. Because federal precedent concerning employment discrimination guides the enforcement of Connecticut's anti-discrimination statutes, *e.g. Bernier v. Moskowitz*, 117 F. Supp.2d 126, 129 (D. Conn. 1999); *Ford v. Blue Cross and Blue Shield of Connecticut, Inc.,* 216 Conn. 40, 54 (1990), the following mandates analysis the dismissal of the ADA and CFEPA claims.

ADA employment discrimination claims are subject to the burden shifting analysis set forth in the seminal decision, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Therefore, a plaintiff must first establish a *prima facie* case of

---

[5] Plaintiff was suspended on October 23, 2003. [Boyar Tr., p. 127; Exhibit I]. She filed a Complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on April 29, 2004, 187 days after her suspension. [*See* Release of Jurisdiction attached hereto as Exhibit L]. Claims under CFEPA must be filed no more than 180 days after the alleged act of discrimination. C.G.S. § 46a-82(e). Claims for conduct occurring prior to November 1, 2003, 180 days prior to Plaintiff's filing date of April 29, 2004, are time-barred under CFEPA. *Kahn v. Fairfield University*, 357 F. Supp.2d 496, 503 (D. Conn. 2005). Thus, Plaintiff's claim that her suspension which occurred on October 23, 2003, violated CFEPA must be dismissed.

discrimination; the employer must offer a legitimate, non-discriminatory reason for the contested employment action; and then the plaintiff must "produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Sista v. CDC IXIS North America, Inc.*, 445 F.3d 161, 169 (2nd Cir. 2006); *Ford, supra*, 216 Conn. at 54.

To establish a prima facie case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) her employer is subject to the ADA; (2) she was disabled within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. *Sista*, 445 F.3d at 169 (summary judgment granted for employer because plaintiff failed to rebut proffered reason supporting his discharge for his threat against a co-worker was pretext for discriminatory reasons).

Once the plaintiff presents her *prima facie* case, the employer may rebut the case by articulating a legitimate, non-discriminatory reason for the employment action. "Upon the defendant's articulation of such a non-discriminatory reason for the employment action, the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture. . . . For the case to continue, the plaintiff must then come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination. The plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment

18

action]. . . .  In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination.  To get to the jury, [i]t is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." (Citations omitted; internal quotation marks omitted). *Weinstock v. Columbia University*, 224 F.3d 33, 42 (2nd Cir. 2000), *cert. denied*, 540 U.S. 811, 124 S.Ct. 53 (2003) (Title VII case); *see also Wright-Kahn v. People's Bank*, 274 F.Supp.2d 205, 215 (D.Conn. 2003).

Significantly, a plaintiff cannot sustain her disability discrimination claim based solely on her conclusory allegations of discrimination. *Valentine v. Standard & Poor's*, 50 F.Supp.2d 262 (S.D.N.Y. 1999), *aff'd* 205 F.3d 1327 (2nd Cir. 2000); *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred).  In this case, the only evidence that Plaintiff has of discrimination are her conclusory and speculation-based allegations that she must have been discriminated against because she happens to have a physical impairment and she was suspended and terminated.  Plaintiff essentially argues that her physical impairment should have protected her, an at-will employee, from retribution for her continued insubordination.

Summary judgment has been granted in numerous cases in which the plaintiff has failed to submit sufficient evidence to rebut an employer's legitimate, non-discriminatory reason for discharge. *Costello v. St. Francis Hospital*, 258 F.Supp.2d 144, 156-57 (E.D.N.Y. 2003) (plaintiff was terminated for theft of time, sexual harassment, improper solicitation, and insubordination and failed to prove that the proffered reasons were intended as a mask for disability-based discrimination); *Wright-Kahn, supra*, 274 F. Supp.2d at 215-16; s*ee also Thomas v. Duane Reade Stores*, 2007 WL 57787 (E.D.N.Y. Jan. 8, 2007) (Block, J.) (attached) (summary judgment warranted because there was ample evidence of non-discriminatory reasons for employment action and plaintiff offered nothing more than conclusory allegations that employer's reasons were pretextual).

In *Costello,* the court specifically noted that the underlying facts of each incident were basically undisputed and the plaintiff failed to provide further evidence that discrimination played a role in the termination decision. 258 F. Supp.2d at 156. Similarly, the plaintiff in *Wright-Kahn*, a bank teller, was terminated for her $1000 shortage and other performance deficiencies including, insubordination and inappropriate treatment of customers, co-workers and supervisors. 274 F. Supp.2d at 215. While the court noted that a jury could arguably conclude the proffered reasons were false due to the plaintiff's denials, summary judgment was still warranted for the employer because no reasonable jury could conclude that her disability actually motivated the employer's decision. *Id.* at 215-16.

In this case, Plaintiff, a ten year employee whose physical impairment existed at the inception of and throughout her entire employment, had a history of discipline issues. [Boyar Tr., pp. 148-49]. She was reprimanded on several occasions for leaving the fitness center unattended. On April 19, 2001 she received a progressive discipline memorandum, from the then Executive Director of the YMCA counseling her about her leaving the fitness center unattended. [*See* Exhibit F]. She was also suspended on October 23, 2003 for insubordination. [*See* Exhibit I]. In that memo, Mr. Backus listed several other performance deficiencies, including the failure to promote positive member relations. Further, she received a memorandum from Mr. Backus on December 29, 2003 informing her, as Wellness Center Coordinator, of complaints regarding the lack of staff supervision in the fitness center. [*See* Exhibit G].

Plaintiff has not offered a scintilla of evidence that either her suspension or her termination had anything to do with her disability. While Plaintiff cited issues with two previous supervisors, Mr. Backus and Mr. Amato, she also conceded that other employees, employees not suffering from any known physical condition had similar problems with these supervisors having nothing to do with alleged disabilities. [Boyar Tr., p. 154]. Indeed, she conceded that Mr. Amato had no discriminatory animus towards her. [Boyar Tr., p. 153]. When pressed for a shred of evidence regarding treatment by Mr. Backus, Plaintiff simply characterized Mr. Backus as "not nice." Whether or not Mr. Backus answered her questions very quickly; was sarcastic; and didn't pay a lot of attention to the fitness center and what her needs were, as described by

21

Plaintiff [Boyar Tr., p. 153], these examples are not evidence of disability discrimination no matter how viewed. *Sheehan v. Purolator, Inc.,* 839 F.2d 99, 105 (2d Cir. 1988); *E.E.O.C. v. Sam & Sons Produce Co., Inc.,* 872 F. Supp. 29, 37 (W.D.N.Y. 1994) (rejecting discrimination claim where supervisor was ill-tempered to all employees).  In fact, the treatment described was not even particular to Plaintiff.  [Boyar Tr., pp. 154-55].  Thus, even Plaintiff's rank speculation that Mr. Backus' attitude may have resulted from her use of crutches is completely undermined. Moreover, it is undisputed that Mr. Backus did not decide to terminate Plaintiff.  The decision to terminate Plaintiff was made by the Executive Director, Debbie Greenwood.  [Greenwood Tr., p. 19; Backus Tr., p. 102].

Plaintiff's contention that her suspension or her termination was unwarranted does not save her claims from dismissal.  Plaintiff fails to connect her suspension or her termination with any facts relating to her physical impairment.  A plaintiff simply disagreeing with the facts of underlying discipline does not create a genuine issue of material fact.  For example, in *Brower v. Continental Airlines, Inc.*, 62 F.Supp.2d 896 (E.D.N.Y. 1999), plaintiff was terminated because of numerous customer complaints.  The court noted that while there were factual disputes as to whether the complaints were justified, there was no evidence provided by the plaintiff that would allow a reasonable jury to conclude she was fired because of her disability.  62 F. Supp. at 907. As the court stated:  "To defeat a motion for summary judgment, a plaintiff must do more than simply assert that the defendant's stated reason for firing her was false; she must also demonstrate that the termination was motivated by a discriminatory animus." *Id.  See also*

*Orosco v. Long Island Jewish Medical Center*, 2007 WL 2078300, * 9 (E.D.N.Y. July 18, 2007) (Amon, J.) (attached) (simply disputing that employee conduct was inappropriate or work unsatisfactory is insufficient to constitute evidence to support discrimination claims; no reasonable jury can conclude he was fired for perceived HIV status rather than his poor work performance issues); *Hailey v. New York City Transit Authority*, 2003 WL 22670891, * 7 (E.D.N.Y. Oct. 20, 2003) (Gleeson, J.) (attached), *aff'd*, 136 Fed.Appx. 406 (2nd Cir. 2005) (no evidence upon which rational jury could conclude that employer's action taken with discriminatory intent where employer made numerous efforts to accommodate disability and substantial evidence of employment violations which were uncontested; no evidence linking employment actions to intentional discrimination).

Finally, absent evidence of discrimination, the Court must defer to the employer's personnel decisions. "Employers are not required to make wise decisions, they are merely prohibited from making discriminatory ones." *Paluh v. HSBC Bank Usa*, 409 F. Supp.2d 178, 201 (W.D.N.Y. 2006) (quoting *Bagdasariajn v. O'Neill*, 2002 WL 1628722, * 4 (W.D.N.Y. July 17, 2002) (Elfvin, J.) (attached). The Court's role is limited to preventing unlawful discrimination, rather than second guessing employer's business judgments. *Byrnie v. Town of Cromwell*, 243 F.3d 93, 103 (2d Cir. 2001); *See also Cuttino v. Genesis Health Ventures, Inc.*, 2006 WL 62833, at * 5 (D. Conn. Jan. 11, 2006) (Kravitz, J.) (attached) (absent evidence that the employer acted with a discriminatory ulterior motive, the Court is not permitted to substitute its business judgment about what constitutes terminable conduct for that of the organization). Thus,

even if Plaintiff demonstrates that the YMCA's decision to suspend or terminate her was unwise or unwarranted, such a belief is insufficient to defeat this motion.

The great irony, of course, is that Plaintiff cannot legitimately argue that the termination decision was even questionable. While she continually asserts that leaving the fitness center was not a policy that was readily enforced, as coordinator of the center, it was her responsibility to enforce the policy. As she testified, part of the job of fitness center staff was to ensure that the fitness center remained attended. She testified that a former employee, Maureen, "wasn't doing her job." She testified, "[o]ne of the biggest problems is Maureen was never in the Fitness Center. Maureen was always leaving the fitness center." [Boyar II Tr., p. 41]. Moreover, she issued written discipline to at least one fitness center employee for leaving the fitness center unsupervised. [*See* Exhibit H]. Thus, her own testimony reveals that the termination of her employment was not only non-discriminatory, it was well advised. Whether or not other supervisors were lax about it, the Executive Director, to whom no discriminatory animus has been ascribed, was compelled to take action. *See Little v. National Broadcasting Co., Inc.*, 210 F. Supp.2d 330, 378 (S.D.N.Y. 210) (reasonable to hold plaintiff, a supervisor of other crew members, to a higher standard).

In sum, the record contains ample and undisputed evidence that Plaintiff was warned repeatedly that the fitness center was required to be supervised at all times and that she was terminated by the Executive Director of the YMCA immediately after the Executive Director found that she abandoned the fitness center. Absent any evidence demonstrating or supporting

24

an inference that the decision was a pretext for discrimination, it is not the Court's role to analyze the YMCA's business decision to suspend or terminate Plaintiff and summary judgment should be granted on the ADA and CFEPA claims. *Cuttino, supra,* 2006 WL 62833, at * 5; *Byrnie*, *supra,* 243 F.3d at 103.

## IV.    **CONCLUSION**

The Complaint should be dismissed in its entirety because Plaintiff's FMLA claim is time-barred and she fails to establish a *prima facie* case of disability discrimination.  Moreover, she also fails to demonstrate that the YMCA's reasons for suspension and termination are a pretext for disability discrimination.  The record contains no evidence of disability or FMLA discrimination to support Plaintiff's conclusory allegations and therefore does not meet the legal requirements necessary to sustain her claim.  Accordingly, summary judgment is warranted and this matter must be dismissed in its entirety.

Done at Bridgeport, Connecticut this 27th day of August, 2007.

/s/_____
Loraine M. Cortese-Costa
Federal Bar No. ct03984
Rachel Volkman Kushel
Federal Bar No. ct27143
Durant, Nichols, Houston, Hodgson &
Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT 06604
Tel. 203-366-3438
Fax 203-384-0317
Lcortese-costa@durantnic.com
Rkushel@durantnic.com

ATTORNEYS FOR DEFENDANT
YMCA of NORWALK, INC.

26

## **CERTIFICATION**

I hereby certify that I have caused to be served a copy of the foregoing this 27th day of

August, 2007, via electronic mail upon the following counsel and *pro se* parties of record:

James T. Baldwin
Coles, Baldwin & Craft
1261 Post Road, PO Box 577
Fairfield, CT 06824


/s/_____
Rachel Volkman Kushel


P:\lit\RVK\688757\007\00062662.DOC

27