UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                      |   |                              |
|----------------------|---|------------------------------|
| ILENE BOYAR,         | : |                              |
| Plaintiff,           | : |                              |
| V.                   | : | CASE NO. 3:06-CV-663(RNC)    |
| YMCA OF NORWALK, INC.,| : |                              |
| Defendant.           | : |                              |

RULING AND ORDER

Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1)("CFEPA"), claiming that the defendant terminated her employment because she has a physical disability.[1]  Defendant has moved for summary judgment.  The motion is granted with respect to the ADA claim and the Court declines to exercise supplemental jurisdiction over the CFEPA claim.

Defendant contends that it is entitled to summary judgment on the ADA claim because plaintiff cannot prove that she has a disability covered by the statute or that the decision to terminate her employment was based on her disability.  I agree with the first argument and do not reach the second one.

---

[1] The complaint also pleads a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), but plaintiff has conceded that this claim is time-barred.

Plaintiff bears the burden of proving that she is protected under the ADA. A physical impairment constitutes a "disability" for purposes of the ADA if it "substantially limits one or more . . . major life activities." 42 U.S.C. § 12102(2)(A). To be substantially limited in a major life activity under the ADA, an individual must have an impairment that prevents or significantly restricts the individual from engaging in the activity. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197-98 (2002).

Plaintiff claims that as a result of a chronic condition known as osteogenesis imperfecta, or "brittle bone disease," she is substantially limited in the major life activities of walking and standing. The record establishes that she is unable to walk quickly or for long periods, uses crutches and occasionally a wheelchair, uses supports when climbing stairs (i.e. railings or a cane), avoids carrying grocery bags, and cannot step onto a curb unassisted. The record also establishes, however, that she has worked for over a decade as a fitness instructor without accommodation, climbs stairs to and from her second floor apartment, and exercises three to four days a week using an elliptical trainer and occasionally a treadmill. In addition, the record establishes that after her employment with the defendant was terminated, she sought employment as a fitness teacher who needed no accommodation, stating that she "couldn't imagine what jobs [she] wouldn't apply for because of [her] physical condition."

(Boyar Dep. II 65, Feb. 27, 2007.) Considering all these factors, a reasonable jury could not find that plaintiff's impairment significantly restricts her ability to walk or stand for purposes of the ADA.

When federal claims are dismissed before trial, a district court may decline to exercise supplemental jurisdiction over state claims. See 28 U.S.C. § 1367(c)(3). This is the appropriate course to take with regard to plaintiff's CFEPA claim because, unlike the ADA, CFEPA does not require a plaintiff to prove that a chronic condition is substantially limiting. See Beason v. United Tech. Corp., 337 F.3d 271, 277 (2d Cir. 2003); see also Dzubaty v. Milford Bd. Of Educ., No. CV065000824S, 2007 WL 2570413, at *3 (Conn. Super. Ct. Aug. 20, 2007).

Accordingly, the motion for summary judgment is granted as to the federal claims in the complaint, which are dismissed with prejudice, and the Court declines to exercise supplemental jurisdiction over the state claims, which are dismissed without prejudice to being refiled in state court.

So ordered.

Dated at Hartford, Connecticut this 15th day of April 2008.

                                      /s/ Robert N. Chatigny
                                          Robert N. Chatigny
                                    United States District Judge