**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ILENE BOYAR, | ꞌ | CIVIL ACTION NO.: |
| | ꞌ | 3:06-CV-663 (RNC) |
| Plaintiff, | ꞌ | |
| | ꞌ | |
| v. | ꞌ | |
| | ꞌ | |
| YMCA OF NORWALK, INC., | ꞌ | |
| | ꞌ | |
| Defendant. | ꞌ | MAY 15, 2009 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED**
**MOTION FOR SUMMARY JUDGMENT**

I.    **INTRODUCTION**

On April 28, 2006, Plaintiff Ilene Boyar ("Plaintiff" or "Boyar") instituted this action alleging violations of: (1) the American with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); (2) the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); and (3) the Connecticut Fair Employment Practices Act, C.G.S. §§ 46a-60(a)(1) ("CFEPA"). On August 27, 2007, Defendant YMCA of Norwalk ("Defendant" or "YMCA") filed a motion for summary judgment and supporting memorandum of law ("Defendant's Memorandum") seeking to dismiss Plaintiff's claims. Plaintiff filed her Opposition to Defendant's motion for summary judgment ("Plaintiff's Opposition") on November 21, 2007 and Defendant filed its Reply on December 20, 2007 ("Reply").

On April 15, 2008, this Court granted Defendant's motion for summary judgment as to the federal claims in the complaint which were dismissed with prejudice. The Court declined to exercise supplemental jurisdiction over the state claim which was dismissed without prejudice to being refiled in state court. In granting summary judgment to Defendant, the Court opined that Plaintiff could not prove that she has a disability covered by the ADA because she, *inter alia*, climbed stairs to and from her second floor apartment, exercised three to four days a week and did not limit her job search as a fitness instructor following her termination. (*See* Ruling and Order dated April 15, 2008, p. 2). Accordingly, the Court did not reach a decision regarding Defendant's argument that Plaintiff could not prove that the decision to terminate her employment was based on her disability. *Id.*

Plaintiff filed a motion for reconsideration on April 29, 2008 and a notice of appeal on May 14, 2008. Defendant filed its opposition to the motion for reconsideration on May 29, 2008. The parties participated in a telephone motion hearing before Judge Chatigny on September 5, 2008, to discuss the merits of the parties' respective positions. The Court ruled that Plaintiff "will be permitted to pursue a claim under the ADA that she was perceived as disabled." (Court's Order date September 8, 2008). The Court further opined, "Plaintiff's claim that she was in fact disabled within the meaning of the ADA remains dismissed but may be revived by the Court if plaintiff submits an affidavit demonstrating that, at the relevant time, she was substantially limited in her ability to walk and stand." *Id.*

On November 3, 2008, a Scheduling Order was entered by the Court allowing Plaintiff until December 2, 2008 to file an amended complaint asserting a perceived as disabled claim and providing Defendant additional time for discovery.  On November 11, 2008, Plaintiff submitted a supplemental affidavit detailing her physical condition.  After the deadline for making the amendment has passed, she also filed an amended complaint on December 18, 2008, wherein she claimed that she was perceived as disabled.  Based on these developments in the case, Defendant renews its motion for summary judgment to dismiss Plaintiff's case in its entirety.[1]

In the interests of judicial economy, Defendant incorporates herein by reference its original motion for summary judgment and supporting memorandum of law and Reply filed with court on August 27, 2007 and December 20, 2007 respectively.[2]  Herein, Defendant addresses only the new matters raised by Plaintiff's affidavit and perceived as disabled claim.  In addition, although the Court declined to exercise its jurisdiction over the CFEPA claim, there are no genuine issues of material fact to support Plaintiff's claim that Plaintiff was discriminated against on the basis of a disability.  Plaintiff had been employed for more than ten years and was hired with the same condition, was terminated for repeatedly violating Defendant's policy and has offered no evidence that her termination was in any way related to her condition; thus, Defendant urges the court to exercise its jurisdiction and dismiss that claim for the reasons set

---

[1] Plaintiff abandoned her FMLA claim in the first round of briefing because it was time barred.  (Plaintiff's Opposition, p. 2).
[2] Thus, if the Court determines that Plaintiff has a disability covered by the ADA, Defendant respectfully requests the Court entertain the second question, whether Plaintiff offered sufficient evidence to survive summary judgment on her claim that the decision to suspend and/or terminate her was based on her disability.

forth in detail in Defendant's Memorandum and Reply. (*See* Defendant's Memorandum, pp. 17-25; Reply, pp. 4-8).

## II.    **RELEVANT FACTS**

Plaintiff's affidavit claims that she "did not and could not properly demonstrate any standing leg stretching techniques" despite her claim that her job "included, among others, orientation for new members, teaching fitness classes, and overall presence in the fitness room to answer member questions." (Affidavit, ¶¶ 11-13). She also described her duties regarding new member orientation as explaining the use of the strength training equipment, cardiovascular equipment and explaining stretching techniques." (Affidavit, ¶ 12). Her affidavit then details the activities she "did not" and "would not" demonstrate such as "the leg extension or leg curl machines" "lunges, squats, calf raises" "upper body machines and upper body free weights". (Affidavit, ¶¶ 14-16). She also states that she was not able to demonstrate properly the "use of the treadmill, stairmaster or stairmill machines." (Affidavit, ¶ 18).

Plaintiff's May 30, 2001, Fitness Staff Description details the duties involved in conducting an orientation for new members. (Addendum to Fitness Staff Job Description attached hereto as Exhibit A). It lists an employee's job functions as, "Showing and explaining the cardio equipment. Employee may be required to demonstrate the use of upright bikes, recumbent bikes, treadmills, stairclimbers, ellipticals, aero-dyne bike and rowing machines." *Id.* The description also states, "Employee may also be required to perform a free weight orientation with members. This includes demonstrating proper lifting techniques and use of the free

weights, placing plates on barbells and returning the plates to their racks, use of dumbbells and returning them to their proper racks." *Id.*

Plaintiff signed this description on May 30, 2001 and added, "I will need accommodation involving any areas which require the lifting of heavy equipment or standing for prolonged periods of time." *Id.* Notably, there is no discussion of any other accommodation such as her inability to properly perform a member orientation or demonstrate skills.

The only new facts submitted by Plaintiff are the components of her classes that she could not demonstrate because of her condition. This claim plainly contradicts her deposition testimony:

> Q:    Did you have assistance with the strength training?
> A:    Not active - - when it ran, because - - I ran these programs at different times during my employment. And when I taught active older adults, I did not have assistance. And when I taught women's strength training I did not have assistance.
>       And when I taught youth strength training, at times I taught it alone and then I asked somebody else to assist me with the class.
> Q:    And why was that?
> A:    Because there were - - I felt that there were too many kids to one instructor.
> Q:    So you were - -
> A:    And I needed help with that age group with that many kids.
> Q:    Okay. But you were able to perform all the responsibilities involved in instruction of these classes?
> A:    Yes.
> Q:    Without assistance.
> A:    Yes.    (February 13, 2007 Deposition Transcript of Ilene Boyar ("Boyar Tr."), relevant portions attached hereto as Exhibit B, pp. 167-68).

Similarly, the Amended Complaint does not allege new facts to support Plaintiff's perceived as disabled claim. (*See* Amended Complaint). Rather, it merely adds the conclusory statement that Plaintiff was disabled within the meaning of the ADA in that she was regarded as having an impairment. (Amended Complaint, ¶ 34). In addition, Plaintiff provided no evidence to support a perceived as claim in her responses to Defendant's discovery requests as to these issues. Plaintiff fails to offer any additional evidence which would alter the Court's original analysis of this claim.

## III.    ARGUMENT

### A. Plaintiff Has Introduced No New Facts Which Would Compel A Different Conclusion Other Than She Is Not Disabled Within The Meaning Of The ADA.

A prima facie case of disability discrimination is comprised of four elements: (1) plaintiff's employment is subject to the ADA; (2) plaintiff was a person with a disability within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job; and (4) she suffered an adverse employment action because of her disability. *Shannon v. N.Y. City Transit Auth.*, 332 F.2d 95, 99 (2d Cir. 2003).

For purposes of Defendant's motion for summary judgment and this renewed motion, the initial relevant inquiry is whether there is any evidence that Plaintiff's condition substantially limits the major life activities of walking and standing, and thus satisfies the second element of the *prima facie* case. *See Colwell v. Suffolk County Police Dep't.,* 158 F.3d 635, 641 (2d Cir. 1998*), cert. denied,* 526 U.S. 1018 (1999). (*See* Defendant's Memorandum, pp. 12-14).

6

Plaintiff's affidavit fails to demonstrate disputed facts which would lead the court to a different conclusion regarding whether she is disabled within the meaning of the ADA.[3] Defendant has never challenged that Plaintiff suffers from osteogenesis imperfecta or what is otherwise known as brittle bone disease. (Defendant's Memorandum, p. 5). Nevertheless, notwithstanding her physical condition, as found by the Court in granting Defendant's motion for summary judgment, Plaintiff is able to attend college, shop, cook and has full use of her hands without limitations. *Id.* Importantly, she also lives in a condominium on the second floor of a building that does not have an elevator. *Id.* She does not rely on assistance from others to go to and from her home. *Id.* She even lived on the third floor of the same building without an accommodation for several months from the end of 2003 through the beginning of 2004, the time period just before her termination from the YMCA. *Id.*[4]

---

[3] Although Congress enacted amendments to the ADA that became effective on January 1, 2009, the amendments do not apply to this matter which involves events occurring in 2004 and earlier. *Moran v. Premier Educ. Group, LP,* 599 F. Supp.2d 263, 271 (D.Conn. 2009) (2008 amendments cannot be applied retroactively to conduct that preceded its effective date); *see White v. Sears & Roebuck, Inc.,* No. 07-CV-4286 (NGG) (MDG), 2009 WL 1140434 (E.D.N.Y. April 17, 2009) (Garaufis, J.) (copy attached) (the court is bound to follow the ADA as it existed prior to the 2008 amendments).

[4] The opinion granting summary judgment on the basis that Plaintiff failed to demonstrate that she was disabled within the meaning of the ADA acknowledged the following facts which remain undisputed: (1) Plaintiff cannot walk quickly or for long periods; (2) she relies on crutches and a wheelchair; (3) she relies on crutches or supports to climb chairs; (4) she cannot carry grocery bags; (5) she cannot step onto a curb unassisted; (6) she worked for over a decade without accommodation; (7) she climbs stairs to and from her second floor apartment; (8) she exercises three to four days a week using an elliptical trainer and occasionally a treadmill; and (9) she did not limit her job search or seek an accommodation when looking for a job after her termination. (Ruling and Order, p. 2; February 27, 2007 deposition transcript of Ilene Boyar ("Boyar II Tr."), relevant portions attached hereto as Exhibit C, pp. 64-65, 80-81).

Plaintiff's supplemental affidavit does not contradict these undisputed facts. Rather, all it does is detail portions of her job that she now claims that she "did not or could not" perform. Plaintiff's affidavit directly contradicts her sworn deposition testimony where she was asked whether she was able to perform all of the responsibilities involved in class instruction and she responded unequivocally "yes". (Boyar Tr., pp. 167-68). It is axiomatic that a party may not create a material issue of fact by submitting an affidavit disputing her own prior sworn testimony in order to survive summary judgment. *Trans-Orient Marine v. Star Trading & Marine*, 925 F.2d 566, 572 (2d Cir. 1991). *See also Miller v. International Telephone and Telegraph Corp.*, 755 F.2d 20, 24 (2d Cir.), *cert denied*, 474 U.S. 851 (1985).

Plaintiff's deposition testimony could not be clearer. Notwithstanding, even if the Court considers these new "facts", the facts would not enable Plaintiff to prove that she is disabled within the meaning of the law as the inability to perform lunges, squats, weights and leg curls do not substantially limit Plaintiff's major life activities of walking or standing.

Further, to the extent that Plaintiff is now claiming that she was not qualified to perform the essential functions of her position, which include, conducting member orientations and teaching fitness classes (Affidavit, ¶¶ 11-13), and demonstrating proper use of equipment and lifting techniques (Exhibit A), with or without an accommodation, she fails to establish the third prong of the *prima facie* case under the ADA. *See Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997); 29 C.F.R. § 1630.2(n)(1). The affidavit provides no basis for the Court to

vacate its decision granting summary judgment and arguably provides additional grounds supporting it.

    **B.**  <u>**Summary Judgment Should Be Granted on the Perceived as Disabled Claim.**</u>

      **1.**  **The Amended Complaint was Untimely.**

Pursuant to the Court's direction, on October 29, 2008, the parties submitted a proposed scheduling order which stated that the Amended Complaint was to be filed on or before December 2, 2008. Notwithstanding, Plaintiff did not file her amended complaint until more than ten days after the deadline, December 18, 2009. Accordingly, the Amended Complaint, including Plaintiff's regarded as disabled claim, should be dismissed as untimely.

      **2.**  **Plaintiff Does Not Qualify as Disabled Under the Perceived As Definition.**

Plaintiff is similarly unable to establish that she is disabled for purposes of the ADA by her claim that she was "regarded as" disabled. 42 U.S.C. §12101(2)(C). "Regarded as" having an ADA-qualifying disability means having: (1) an impairment that does not substantially limit a major life activity but is treated by a covered entity as constituting such limitation; (2) an impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) none of the impairments defined in the EEOC regulations but being treated by a covered entity as having a substantially limiting impairment. *Reeves v. Johnson Controls World Services, Inc.*, 140 F.3d 144, 153 (2d Cir. 1998) (*citing* 29 C.F.R. § 1630.2(l)); *Piascyk v. City of New Haven*, 64 F. Supp.2d 19, 32 (D. Conn. 1999).

An employer's knowledge of an impairment is insufficient to establish a "regarded as" claim. *Reeves*, 140 F.3d at 153 (mere fact that an employer is aware of an impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that the perception caused the adverse employment action); *Piascyk*, 64 F. Supp.2d at 32.  In the same vein, prior accommodations provided to Plaintiff do not serve as the basis for a regarded as disabled claim.  *Id.*; *See also Cigan v. Chippewa Falls*, 388 F.3d 331 (7th Cir. 2004) (employer can try to help an employee with health problems without knowing or caring whether employee condition met the ADA statutory definition).   Rather, Plaintiff must show that the YMCA perceived her impairment to substantially limit her in a major life activity.  *Id.*

In *Piascyk*, the Court reasoned that an employee who was not disabled within the meaning of the ADA was also not perceived as disabled within the meaning of the law.  64 F. Supp.2d at 33.  The Court rejected Plaintiff's argument that his employer viewed him as disabled because of information contained in his doctors' reports.  *Id.*  The Court further opined that even though Plaintiff was assigned a light duty position, it did not support the position that the employer viewed the plaintiff as disabled.  *Id.* at 34 (*citing Colwell*, 158 F.3d at 647) (light duty was granted as an accommodation to a request by plaintiff's doctor).  The Second Circuit has explained that an employer that "sensibly seeks to avoid litigation, liability and confrontation by 'acced[ing] to minor and potentially debatable accommodations' cannot be held to have thereby stipulated to the employee's status as individual with a disability under the ADA.'" *Id.* (*quoting Colwell*, 158 F.3d at 646).

Plaintiff fails to offer any evidence to support her after-the-fact claim that the YMCA perceived her as disabled.  In fact, Plaintiff complained in her Opposition to summary judgment on her original ADA claim that the YMCA failed to accommodate her disability because it treated her in the same manner as her non-disabled co-employees.  (Plaintiff's Opposition at pp. 9-10).  Plaintiff had the same condition when she was hired, was employed at the YMCA for over ten years in the fitness department, and received several promotions.   (Defendant's Memorandum, pp. 2,8; Plaintiff's affidavit at ¶ 4).  In addition, Plaintiff could not recall whether she used a wheelchair at work in the two years preceding her termination.  (Boyar Tr., p. 158). She was never subject to comments regarding her physical condition by YMCA staff.  (Boyar Tr., pp. 208-09).  In discovery, Plaintiff provided no new evidence to support a perceived as disabled claim.  Accordingly, summary judgment should be granted on that claim as well.

### 3. The Challenged Actions of Defendant Were Taken For Legitimate, Non-Discriminatory Reasons.

Although set forth in greater detail in Defendant's Memorandum and Reply, a brief recitation of the pertinent facts serves as a reminder that Defendant's actions were taken for legitimate, non-discriminatory reasons.  The undisputed facts are that Plaintiff, the supervisor charged with enforcing the policy, was discovered by then-CEO Deb Greenwood ("Greenwood") leaving the fitness center unattended in violation of the YMCA's policy.  Plaintiff had received earlier warnings regarding this issue.  It is undisputed that Greenwood was the decision-maker regarding Plaintiff's termination.  Plaintiff was suspended six months prior to her termination by

her supervisor Jeb Backus ("Backus") for disclosing confidential communications about staffing needs. It is undisputed that Backus was not involved in the decision to terminate Plaintiff. (Deposition Transcript of Debbie Greenwood ("Greenwood Tr."), relevant portions attached hereto as Exhibit D, p. 19; Deposition Transcript of Jeb Backus ("Backus Tr."), relevant portions attached hereto as Exhibit E, p. 102).

Throughout this litigation, Plaintiff has steadfastly claimed that her termination was unfair. Nevertheless, she has been unable to connect an alleged unfair employment action to her physical condition. The crux of her claims are that because she suffers from a physical impairment and she believes that her termination was unfair, she must be the victim of unlawful disability discrimination. Plaintiff fails to offer any evidence to support her claim. Her conclusory beliefs, lacking factual support in the record, are insufficient to defeat a summary judgment motion.

## IV.    CONCLUSION

Based on the foregoing, there are no facts which would alter the Court's original conclusion that Plaintiff is not disabled within the meaning of the ADA. There are also no genuine issues of material fact that demonstrate that the YMCA's legitimate reasons for Plaintiff's suspension and termination were a pretext for disability discrimination. Accordingly, summary judgment is warranted and this case should be dismissed in its entirety.

Done at Bridgeport, Connecticut this 15th day of May, 2009.

/s/_____
Loraine M. Cortese-Costa
Federal Bar No. ct03984
Rachel Volkman Kushel
Federal Bar No. ct27143
Durant, Nichols, Houston, Hodgson &
Cortese Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604
Tel. 203-366-3438
Fax 203-384-0317
Lcortese-costa@durantnic.com
Rkushel@durantnic.com

ATTORNEYS FOR DEFENDANT
YMCA of NORWALK, INC.

## **CERTIFICATION**

I hereby certify that I have caused to be served a copy of the foregoing this 15th day of

May, 2009, via electronic mail upon the following counsel and *pro se* parties of record:

> James T. Baldwin
> Coles, Baldwin & Craft
> 1261 Post Road, PO Box 577
> Fairfield, CT 06824

/s/_____
Rachel Volkman Kushel

P:\lit\RVK\688757\007\00073526.DOC